## MEMMIER *vs.* STATE.

BEATING WIFE, FROM BARTOW.    Criminal Law.    Wife Beating.    Witness.    Impeachment.    Husband and Wife.    Attorney and Client.    Jury and Jurors. County Court.    (Before Judge Fain.)

Hall, J.—1. Where an indictment charged a husband with the offence of whipping, beating and cruelly maltreating his wife, there was no error in allowing several witnesses to testify to several distinct beatings within two years prior to the indictment. It was error to require counsel for the State to elect one of these transactions on which he would rely, and when the election was made, to rule out all evidence in relation to the other transactions, but this was an error against the State. of which the defendant could not complain.

(a) If a certiorari was properly dismissed, the judgment will.not. be reversed, though the Court based it upon an erroneous reason.

2. If the defendant in a criminal case, in which he was charged with beating his wife, examined her as a witness, without objection from counsel for the State, the latter were entitled to impeach her credit in any of the modes prescribed by law, including the making of con tradictory statements, proper foundation therefor first being laid.

3. The remarks of counsel, in respect to the purpose and effect of impeaching testimony were legitimate and proper, and there was no error in refusing to check him therein.

4. The right of peremptorily challenging jurors does not exist in trials in the county court, but the defendant can only get rid of a juror by showing him subject to legal exception on examination by the court on his *voire dire*, in which event he is set aside for cause, and his place is supplied by a talesman. In this case, the juror, although he had once had some trivial misunderstanding with the defendant, had not formed or expressed any opinion as to his guilt or innocence from having heard any of the evidence under oath, had no bias or prejudice for or against him, and was perfectly impartial between him and the State·

5. Where a criminal case has been tried in the county court, and certiorari has been applied for, no writ shall be granted unless the accused shall first have filed his affidavit setting forth that he has not had a fair trial, and that he has been wrongly and illegally convicted; and unless the applicant shall give bond or make an affidavit in forma pauperis. The requirements as to the time and manner of executing the bond is not clear; but if it accompanies the application for the writ, and the Judge of the Superior Court approves it, that would be sufficient; and semble, that if no bond accompanies the application, but the Judge of the Superior Court grants a certiorari upon the applicant's giving bond, and the bond thereupon is given and the writ issued, this would be sufficient. Code, §§302, 4263.

Judgment affirmed.

Graham & Graham, for plaintiff in error.

J. W. Harris, Jr., Solicitor General, by Robert B. Trippe; A. S. Johnson, for the State.